## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

<u>**PEORIA DIVISION**</u>

| | | |
|---|---|---|
| AMY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-1271 |
| | ) | |
| CITY OF BLOOMINGTON, a unit of local | ) | |
| government organized under the laws of | ) | |
| the State of Illinois, RANDY MCKINLEY, | ) | |
| Former Chief of Police of City of Bloomington | ) | |
| Police Department, ROBERT J. WALL, | ) | |
| Assistant Chief of Police of City of | ) | |
| Bloomington, ROBERT SIRON, | ) | |
| Assistant Chief of Police of City of | ) | |
| Bloomington, and TIM STANESA, Lt. | ) | |
| City of Bloomington Police Department. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS'

### MOTION TO CORRECT PRE-TRIAL ORDER

NOW COMES the Plaintiff, AMY WARD, ("Plaintiff") by her attorneys, Costigan &

Wollrab, P. C., and for her Response and Consent to the Entry of an Order Granting Defendant's

Motion to Correct Pre-Trial Order filed by Defendants, CITY OF BLOOMINGTON, ROBERT

WALL and TIM STANESA, hereby states the following:

1.      That on November 16, 2016, counsel for Defendants contacted counsel for

Plaintiff and alleged that paragraph 3 in the UNCONTESTED FACTS section of the

Proposed Final Pre-Trial Order erroneously included the following statement:

"Amy Ward did engage in whistleblowing activity when she contacted the

Illinois State Police."

2.    That at the time that counsel for Defendants contacted counsel for Plaintiff and

requested consent to the request to remove the fact as an UNCONTESTED FACT, counsel for

Plaintiff  believed that this Court had made a summary determination in its Order

finding that Plaintiff could proceed on her First Amendment claim that Plaintiff's contact to

the Illinois State Police was in fact participation in whistleblowing activity. (ECF 55 at 16-18)

In particular, counsel for Plaintiff recalled that Plaintiff's argument in opposition to Defendants'

Motion for Summary Judgment asserting that the response of the Chief of Police

to Plaintiff's contact with the Illinois State Police, and the fact that Plaintiff was disciplined

for her contact with the Illinois State Police illuminated the consideration that the Plaintiff's

conduct was at least perceived by the Chief as a whistleblowing activity.  It was on the basis of

that observation that counsel for Plaintiff included the statement in the UNCONTESTED FACT

section of the Proposed Final Pre-Trial Order counsel for Plaintiff submitted to counsel for

Defendants on November 3; and was the basis of counsel for Plaintiff's belief that it was proper

to include the statement as an UNCONTESTED FACT, notwithstanding that the Order of this

Court did state that it was considered for purposes of the summary judgment motion. (ECF 55,

pg. 18)

2.    Thereafter, counsel for Defendants did advise counsel for Plaintiff that he had

reviewed the Proposed Final Pre-Trial Order sent to him on the morning of November 3rd; and

despite his engagement in out-of- state depositions,  he had an opportunity to review the

Proposed Final Pre-Trial Order and with the exception of the specific changes requested by

counsel for Defendants,  he had no objection to the filing of the Proposed Final Pre-Trial Order

as submitted by Plaintiff to counsel for Defendants so long as counsel for Plaintiff made the

requisite changes requested by counsel for Defendants. (See e-mail of counsel for Defendants to

counsel for Plaintiff on November 3, 2016, and attachments to the e-mail marked as Exhibit "A")

3.      While counsel for Plaintiff certainly appreciated counsel for Defendants travel schedule and counsel's limited time for review of the Proposed Final Pre-Trial Order, counsel for Plaintiff did not slip the statement into the UNCONTESTED FACTS; and counsel for Plaintiff would have removed the alleged offensive statement had counsel for Defendants brought it to counsel for Plaintiff's attention on November 3rd or November 4th at the Final Pre-Trial Conference.

4.      Since counsel for Defendants' request to counsel for Plaintiff to remove the statement from the UNCONTESTED FACTS to the CONTESTED FACTS, counsel for Plaintiff has had opportunity to more fully review and consider the context of this Court's summary determination and counsel for Plaintiff now agrees that the characterization of Plaintiff's contact to the Illinois State Police as protected whistleblower activity was only for purposes of summary judgment.

5.      As a consequence of the foregoing, Plaintiff acquiesces in the request of Defendants to modify the Final Pre-Trial Order to move the UNCONTESTED FACT relating to Plaintiff's contact with the Illinois State Police to a CONTESTED FACT.

Wherefore, on the basis of the foregoing, Plaintiff, AMY WARD, hereby agrees to the entry of an Order by this Court granting Defendants' Motion to Correct Pre-Trial Order as

requested by Defendants.

Respectfully Submitted,

AMY WARD, Plaintiff,

By Costigan & Wollrab, P.C., Her Attorneys

By: /s/ Dawn L. Wall

    Dawn L. Wall
    Bar No.: 6196948
    Attorney for the Plaintiff
    Costigan & Wollrab, P.C.
    308 E. Washington Street
    Bloomington, Illinois 61701
    Phone: (309) 828-4310
    Fax: (309) 828-4325
    dwall@cwlawoffice.com