# EXHIBIT "A"

# Dawn Wall

| | |
|---|---|
| **From:** | Peter Jennetten <PJennetten@quinnjohnston.com> |
| **Sent:** | Thursday, November 3, 2016 1:44 PM |
| **To:** | Dawn Wall; Karen Johnson |
| **Subject:** | Re: Finalized Final Pre-Trial Order and Stipulation of Facts |
| **Attachments:** | Final PreTrial Order.11.3.16.docx; stipulation.facts.11.3.16.docx |

Attached are my revisions. See track changes for comments. I am at a dep and cannot review all of the exhibits to make objections to the exhibit list. We will need to do so later.

There is one change to each. You can file them if those changes are made. I assume that you will file my exhibit and witness list with the final pretrial order.

Thanks.

---

**From:** Dawn Wall <dwall@cwlawoffice.com>
**Sent:** Thursday, November 03, 2016 7:55:39 AM
**To:** Peter Jennetten; Karen Johnson; dwall@cwlawoffice.com
**Subject:** Finalized Final Pre-Trial Order and Stipulation of Facts

Dear Peter:

I have now had an opportunity to finalize my review of the proposed final pretrial order you sent to me on Monday, October 31. I have made a few additions to the proposed for your consideration. I can send you a redline version when I arrive at the office; but my laptop is not allowing me to compare the documents to create a redline version. I can do that shortly and provide it to you to assist in your review of the proposed additions.

I have also made a few additions to the proposed stipulation of facts. I will send a redline version of that document as well.

I know that you are in depositions today; and I was engaged in final pre-trial preparations for a case set November 14 on Tuesday and Wednesday; so I was not able to get this to you until this morning.

If you have any opportunity to review the proposed additions and let me know if they meet with your approval, I can proceed to file the Report and the exhibits I have.
I have attached an updated exhibit list of Plaintiff; and my witness list as well.

Thank you for your consideration. Dawn


Dawn L. Wall
Costigan & Wollrab, P.C.
308 E. Washington
Bloomington, IL 61701
309-828-4310
Fax 309-828-4325

1

NOTICE: The contents of this communication and any attachments are intended solely for the addressee(s) named in this message. This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. § 2510 et. seq. and is intended to remain confidential and is subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| AMY WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-1271 |
| ) | |
| CITY OF BLOOMINGTON, a unit of local ) | |
| government organized under the laws of ) | |
| the State of Illinois, RANDY MCKINLEY, ) | |
| Former Chief of Police of City of Bloomington ) | |
| Police Department, ROBERT J. WALL, ) | |
| Assistant Chief of Police of City of ) | |
| Bloomington, ROBERT SIRON, ) | |
| Assistant Chief of Police of City of ) | |
| Bloomington, and TIM STANESA, Lt. ) | |
| City of Bloomington Police Department. ) | |
| ) | |
| Defendants. ) | |

### PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rule of Civil Procedure and Local Rule 16.1; and Dawn L. Wall having appeared as counsel for the Plaintiff, AMY WARD, ("Ward") and Peter R. Jennetten having appeared as counsel for the Defendants, CITY OF BLOOMINGTON POLICE DEPARTMENT, ROBERT WALL and TIM STANESA (collectively "Defendants"). The following action was taken:

### I. NATURE OF ACTION AND JURISDICTION

This is an action for damages under 42 U.S.C. §1983, the First Amendment; and under the Illinois Whistleblower Protection Act 740 ILCS 174/1 et seq. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 and §1367. The jurisdiction of the Court is not disputed.

II. JOINT STATEMENT

   A.   JURISDICTION

The subject matter jurisdiction of the Court is set forth above.

   B.   UNCONTESTED ISSUES OF FACT

1. Amy Ward was an employee of the City of Bloomington for purposes of both the First Amendment and Whistleblower Act claims.

2. Defendants Wall and Stanesa were at all times acting under color of law.

3. Amy Ward did engage in a whistleblowing activity when she contacted the Illinois State Police.

4. Amy Ward was terminated by the City of Bloomington on June 15, 2011.

   C.   CONTESTED ISSUES OF FACT

1. Whether Amy Ward was terminated because of her speech to the Illinois State Police, or, whether she would have been terminated but for her speech to the Illinois State Police.
2. Whether Amy Ward would have been terminated regardless of her speech to the Illinois State Police.
3. The nature and extent of damages suffered by Amy Ward as a result of her termination.
4. Whether Amy Ward reasonably believed that her speech to the Illinois State Police disclosed a violation of a State or federal law, rule, or regulation for purposes of the Whistleblower Act.
5. Whether Amy Ward's speech was a proximate cause of her termination for purposes of the Whistleblower Act.
6. Whether Robert Wall or Timothy Stanesa took action to discharge Amy Ward from her employment.
7. Whether all provisions or only certain provisions of the Code of Ethics applied to nonsworn officers.
8. Whether the Inventory was in retaliation for Ward's contact with the Illinois State Police.

   D.   CONTESTED ISSUES OF LAW

> **Deleted:** 9. . Whether the disciplinary actions received by Ward after November 2010 were pre-textual
>
> **Deleted:** . ¶

2

1. Whether the disciplinary actions imposed by the Defendants against Ward were in retaliation for her constitutionally protected speech of contacting Tad William at the Illinois State Police?
2. Whether the Defendants violated the provisions of the Illinois Whistleblower Protection Act by disciplining Ward because she reported to the Illinois State Police her concerns regarding the handling of evidence in the City's police department?
3. Whether Robert Wall and Timothy Stanesa are "employers" subject to liability under the Illinois Whistleblower Act.
4. Whether, as a matter of law, Amy Ward's speech to the Illinois State Police was the proximate cause of her termination.
5. Whether, as a matter of law, Amy Ward would have been terminated but for her speech to the Illinois State Police.
6. Whether, as a matter of law, Amy Ward would have been terminated regardless of her speech to the Illinois State Police.

E. JURY DEMAND

Ward and Defendants have requested trial by jury and neither party is waiving a jury trial.

III. PLAINTIFF'S STATEMENT

A. ITEMIZED STATEMENT OF DAMAGES

1. Reinstatement of Ward to previous position with City

   Wage loss                                              $56,000.00

2. Compensatory damages sustained, including but not limited to loss of health insurance and loss of employer pension benefit contributions                                       $12,000.00

2. Attorneys' fees, costs and interest                   TBD

IV. WAIVER OF CLAIMS OR DEFENSES; SETTLEMENT

No claims or defenses are waived.

The parties have discussed settlement both with the Court and separately. The case will not be resolved by settlement.

V. EXHIBITS ATTACHED

3

The following are attached as exhibits to this order and are made a part hereof:
A. Stipulation of Uncontested facts and issues of law.
B. Plaintiff's Witness List
C. Defendants' Witness List
D. Plaintiff's Exhibit List
E. Defendants' Exhibit List
F. Joint Exhibit List. None.
G. Joint Proposed Jury Instructions
H. Plaintiff's Proposed Instructions
I. Defendants' Proposed Instructions

## VI. GENERAL ADDITIONAL

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

Neither party is calling an expert witness.

Any Trial Briefs or Motions in limine must be filed as directed by the Court.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed 3 full days. The case will be tried on December 12, 2016 at 9:00 a.m.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court by November 28, 2016, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.

_____
Honorable Michael M. Mihm
U.S. District Court Judge

ENTERED: _____

APPROVED AS TO FORM AND SUBSTANCE:

_____
Dawn L. Wall
Attorney for the Plaintiff

_____
Peter R. Jennetten
Attorney for the Defendants

5

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| AMY WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-1271 |
| | ) |
| CITY OF BLOOMINGTON, a unit of local government organized under the laws of the State of Illinois, RANDY MCKINLEY, Former Chief of Police of City of Bloomington Police Department, ROBERT J. WALL, Assistant Chief of Police of City of Bloomington, ROBERT SIRON, Assistant Chief of Police of City of Bloomington, and TIM STANESA, Lt. City of Bloomington Police Department. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### Stipulation of Facts

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rule of Civil Procedure and Local Rule 16.1; and Dawn L. Wall having appeared as counsel for the Plaintiff, AMY WARD, ("Ward") and Peter R. Jennetten having appeared as counsel for the Defendants, CITY OF BLOOMINGTON POLICE DEPARTMENT, ROBERT WALL and TIM STANESA (collectively "Defendants"). The parties stipulate that the following facts are established for purposes of this litigation:

1.     On January 30, 2006, Ward was employed by the City of Bloomington Police Department ("City") as a Community Services Officer.

2.      At the time Ward was hired, she was given a City Employee Handbook, which she signed, acknowledging that she read, understood, and agreed to comply with the Handbook.

3.      At the time Ward was hired she was also provided with a document entitled "Law Enforcement Code of Ethics" ("Code of Ethics").

4.      In May of 2009, Ward applied for and acquired the Property and Records Manager position, a nonunion position.

5.      When Ward was initially hired as Property Records Manager, she reported to Robert Siron, who was the Administrative Lieutenant.

6.      In about January of 2010, Robert Siron was promoted to Assistant Chief and Lieutenant Joseph Butcher replaced Siron as Administrative Lieutenant.

7.      In the summer of 2010, the City was making changes in the Property and Records department and created a new position entitled Property, Records, and CSO manager. Amy Ward sought the new Property, Records, and CSO manager position, but was not selected for that position.

8.      In October of 2010, Lieutenant Stanesa replaced Lieutenant Butcher as Administrative Lieutenant.

9.      During Ward's entire time as Property and Records Manager she supervised one (1) employee, Sheila Stephens.

10.     Ward received disciplinary action on June 8, 2010. Ward was disciplined for leaving evidence locker keys in the lock of an evidence locker. The issue was counseled and resolved.

11.     Ward sent an email on August 12, 2010 stating that she was hired to fix problems of poorly managed evidence and the department should take her job seriously.

12.     In her email of August 12, 2010, Ward also expressed frustrations of not getting help because she could not get more room for evidence or more personnel.

13.     In November, 2010, Ward submitted a memorandum to Chief Randy McKinley which included allegations regarding Assistant Chief Robert Siron.

14.     On November 22, 2010, McKinley contacted the Illinois State Police Department (ISPD) regarding allegations made by Ward.

2

15.  On December 7, 2010 Stanesa sent an email to Stan Harris and Lt. Butcher copying Ward to discuss Ward's concerns about chain of custody for evidence stored in the MLI room.

16.  Following the email dated December 9, 2010, Ward had a meeting to discuss issues that Ward brought up earlier regarding evidence.

17.  On January 6, 2011, Ward emailed McKinley and Stanesa informing them that she had spoken with Tad Williams at the ISPD who told her that he received information from McKinley and declined to undertake the investigation of Siron.

18.  Ward never talked to anyone at the ISPD prior to January 6, 2011.

19.  On January 20, 2011, McKinley notified the entire police department by email that the police department administration would be overseeing an inventory of the evidence vaults ("Inventory").

20.  McKinley assigned Stanesa to be in charge of the Inventory.

21.  On April 27, 2011, Ward received a three-day suspension for disobeying a direct order. Ward put evidence in a location after being ordered by Lt. Stanesa not to place evidence in that location.

22.  On May 3, 2011, Ward received a six-day suspension for questioning directions given by Lt. Stanesa and asking him "under whose authority" he was giving directions and for failing to follow chain of command.

23.  On May 12, 2011, Ward received an eleven-day suspension arising from comments that Ward made at the April 7, 2011 full staff meeting regarding her discontent with Chief McKinley and his management of the department.

24.  The May 12, 2011 discipline action report referred to Ward's contacting ISPD on January 5, 2011.

25.  ▼

[Deleted: In some circumstances, it was completely fine to ignore the chain of command.]

26.  On May 31, 2011, Ward was placed on paid administrative leave.

27.  On June 15, 2011, Ward was terminated by the City of Bloomington.

APPROVED AS TO FORM AND SUBSTANCE:

_____
Dawn L. Wall
Attorney for the Plaintiff

3

_____
Peter R. Jennetten
Attorney for the Defendants

4